**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ISAAC MORRIS,

                **Petitioner,**

    **v.**                                      **1:15-cv-2884-WSD**

BRAD HOOKS,

                **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner Isaac Morris' ("Petitioner")

Application to Appeal *In Forma Pauperis* [32] ("Application").

## I.    BACKGROUND

On October 15, 2007, a DeKalb County grand jury indicted Petitioner on

one (1) count of voluntary manslaughter.  ([12.3] at 1).  Petitioner entered a plea of

not guilty and, from April 21, 2008 through April 23, 2008, he was tried by a jury

in the Superior Court of DeKalb County.  ([1] at 1; [12.5] at 47).  Richard Allen

Hunt ("Trial Counsel") represented Petitioner at trial.  ([1] at 7; [12.3] at 1).

According to the evidence at trial, [1] on July 10, 2007, Petitioner was driving his truck during evening rush hour.  As he turned onto a side street, he nearly struck a pedestrian walking across the intersection.  Petitioner stopped his truck in the middle of the street, got out, exchanged words with the pedestrian, and punched the pedestrian in the face.  The pedestrian fell backward and hit his head on the street.  As the pedestrian lay in the street unconscious and bleeding from his head, Petitioner dragged him to the curb.  Petitioner called 911 but drove off before an ambulance or the police arrived.  An ambulance rushed the pedestrian to hospital but he later died from his head injury.

Several eyewitnesses called 911, and one of them provided the police with the license plate number of the truck that drove away from the scene.  Using this information, a detective determined that Petitioner owned the truck and obtained a photograph of him.  The detective compiled a photographic lineup and showed it to a witness, who identified Petitioner as the person who struck the pedestrian.

On the first day of trial, after the jury was selected, the prosecutor told the trial court that the count in the indictment was captioned "voluntary manslaughter" but that the count did not allege Petitioner acted with intent to kill.  The prosecutor

---

[1]     The following statement of facts is taken from the June 17, 2011, opinion of the Georgia Court of Appeals.  See Morris v. State, 712 S.E.2d 130 (Ga. Ct. App. 2011).

did not believe that Petitioner acted with intent to kill and requested that the case proceed only on the lesser included charge of involuntary manslaughter by simple battery.  The prosecutor argued that the facts in the indictment gave Petitioner notice of this charge.

Petitioner objected but the trial court granted the prosecutor's request. Before the parties' opening statements, the court instructed the jury that the charge in the indictment had been "changed" from voluntary manslaughter to involuntary manslaughter.

During the trial, several eyewitnesses and a detective testified about the events surrounding the pedestrian's death.  The deputy chief medical examiner testified that the cause of the pedestrian's death was "blunt force trauma to the head caused by impact with a flat surface," and that the "enormous skull fractures" would not have occurred if the pedestrian had fallen to the ground "on his own" rather than from a blow.  Petitioner admitted that he got out of his truck and intentionally struck the pedestrian once with his fist, causing the pedestrian to fall backward onto the street.  He denied that he intended to kill or harm the pedestrian.

At the close of evidence, the trial court instructed the jury on involuntary manslaughter, reiterating that it was the "only charge" to be considered.  On April 23, 2008, the jury convicted Petitioner on one (1) count of involuntary

3

manslaughter and the trial court sentenced him to ten (10) years in prison. ([1] at 1; [12.5] at 47).

In April 2010, Petitioner, now represented by Gerard Kleinrock ("Direct Appeal Counsel"), filed his motion for new trial, which the trial court denied on June 23, 2010. ([12.3] at 2; [12.5] at 47). On July 22, 2010, Petitioner, still represented by Direct Appeal Counsel, filed a direct appeal, asserting the following grounds for relief:

(1) "The trial court erred by constructively amending the indictment to charge the crime of involuntary manslaughter by the commission of simple battery."

(2) "[Petitioner's] conviction is void because it rests upon an indictment that did not allege the critical element of intent, and therefore charged no crime at all."

([12.5] at 43, 51). On June 17, 2011, the Georgia Court of Appeals rejected Petitioner's arguments and affirmed his conviction. See Morris, 712 S.E.2d 130.

On January 11, 2012, Petitioner, proceeding *pro se*, filed his state petition for writ of habeas corpus ("State Habeas Petition") in the Superior Court of Mitchell County. ([12.1]). He amended his petition in April 2012. ([12.2]). In his amended State Habeas Petition, Petitioner asserted the following grounds for relief:

4

(1)   The trial court violated Petitioner's Fifth Amendment right to be tried on an indictment issued by a grand jury, because the indictment was amended without being resubmitted to the grand jury, and the jury instructions broadened the scope of the indictment by permitting conviction for an uncharged offense.  ([12.1] at 4; [12.2] at 1, 4).

(2)   The government withheld material evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and used false information against Petitioner at trial.  ([12.1] at 4; [12.2] at 1).

(3)   The trial court refused to instruct the jury on the lesser offense of simple battery.  ([12.1] at 4; [12.2] at 1, 5-10).

(4)   Petitioner received ineffective assistance of trial and appellate counsel, including because "trial counsel was found guilty of conflict and Georgia Bar rules."  ([12.1] at 4).

(5)   The trial court violated Petitioner's Fourteenth Amendment due process rights by "allow[ing] the state to eradicate the purpose of the grand jury, refus[ing] to render due process of consolidated motions filed on March 4, 2008 in the DeKalb County Superior Court, and allow[ing] state to withhold evidence that was material to petitioner's guilt or punishment."  ([12.2] at 1, 4-5).

(6)   Petitioner was denied "judicial procedure," in violation of the Georgia Constitution, after he filed a notice of election to proceed under a state statute.  ([12.2] at 1, 5).

(7)   The trial court lacked subject matter jurisdiction and, in violation of Federal Rule of Criminal Procedure 7(c)(1), the indictment failed to state a material element of the offense charged.  ([12.2] at 2, 11).

(8)   The indictment was defective under O.C.G.A. § 17-7-54 because it did not include an essential element of the offense charged.  ([12.2] at 2, 15).

(9)   Trial Counsel rendered ineffective assistance, in violation of the Sixth Amendment, because he (a) had a "conflict of interest while embezzling

$12,500.00 after being paid in full," (b) did not investigate Petitioner's "claims of false information being placed in [his] N.C.I.C. background sheet," and (c) did not seek a hearing on Petitioner's consolidated motions. ([12.2] at 2, 15, 17-18).

(10) Direct Appeal Counsel rendered ineffective assistance, in violation of the Sixth Amendment, because he did not raise Petitioner's <u>Brady</u> claims and denied Petitioner a trial transcript. ([12.2] at 2, 18).

(11) Trial Counsel and Direct Appeal Counsel rendered ineffective assistance, in violation of the Georgia Constitution. ([12.2] at 2, 21).

(12) Petitioner's conviction and sentence are void, under Supreme Court precedent, because the trial court lost jurisdiction when it amended the indictment. ([12.2] at 2, 21).

(13) Petitioner's unspecified federal and state constitutional rights were violated at trial and on appeal. ([12.2] at 21).

On September 10, 2012, the state habeas court held an evidentiary hearing and, on October 14, 2014, denied Petitioner's State Habeas Petition, finding most of his claims procedurally defaulted. ([12.3]; [12.5] at 1-42). On March 30, 2015, the Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal the denial of his motion for habeas corpus relief. ([12.4]).

On August 10, 2015, Petitioner, proceeding *pro se*, timely filed his federal Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Federal Habeas Petition"), asserting the following grounds for relief ("Federal Habeas Grounds"):

(1)   Petitioner was denied his Fifth Amendment right to be tried on an indictment issued by a grand jury, because the "criminal charge was changed at the request of [the] district attorney by the judge in the middle of [the] jury trial."  (Federal Habeas Petition at 5-6).

(2)   Petitioner was denied his Fourteenth Amendment due process rights because the government (a) withheld evidence material to his guilt or punishment and (b) suppressed evidence favorable to the defense. (Id. at 6).

(3)   The government violated Brady, 373 U.S. 83.  (Id.).

(4)   Despite requests from Petitioner and the prosecution, the trial court refused to charge the jury on the lesser included offense of simple battery.  (Id.).

(5)   Trial Counsel rendered ineffective assistance, in violation of the Sixth Amendment, because he failed to (a) pursue a demurrer filed before trial, (b) "litigate state withheld and made to vanish evidence," (c) "litigate against falsified criminal background that was used against Petitioner at trial," (d) litigate "the trial court's eradication of Petitioner's right to the [Fifth] Amendment grand jury process." (Id. at 6b).

(6)   Direct Appeal Counsel rendered ineffective assistance, in violation of the Sixth Amendment, because he failed to raise Petitioner's Federal Habeas Ground (5) on appeal.  (Id.).

(7)   Petitioner's conviction and sentence are void because the indictment is defective.  (Id.).

On September 18, 2015, Respondent filed his Answer-Response [10], arguing that Petitioner's Federal Habeas Grounds were procedurally defaulted.  On November 2, 2015, the Magistrate Judge issued his Final Report and Recommendation [18] ("R&R"), recommending that Petitioner's Federal Habeas

7

Petition be denied, that a certificate of appealability be denied, and that this action be dismissed.  The Magistrate Judge found that Federal Habeas Ground (1) was not cognizable on federal habeas review because the Fifth Amendment right to a grand jury indictment does not apply against the states and that, in any event, the Georgia Court of Appeals correctly concluded "the lesser offense of involuntary manslaughter in the commission of the unlawful act of simple battery was included as a matter of fact in the charged greater offense of voluntary manslaughter." (R&R at 11-12 (quoting Morris, 712 S.E.2d at 134 (internal quotation marks omitted)).  The Magistrate Judge found that Petitioner's remaining Federal Habeas Grounds were procedurally defaulted.

On November 10, 2015, and November 12, 2015, Petitioner filed his Objections [21], [22] to the R&R.  In them, he asserted that he did not procedurally default on his claims because (i) he objected when the trial court refused to instruct the jury on simple battery, (ii) he objected when the trial court amended the indictment, (iii) he raised Federal Habeas Grounds (1) and (7) on direct appeal, and (iv) the alleged Brady violations overcame his procedural default.  The Objections also asserted that the R&R ignored evidence of his ineffective-assistance-of-counsel claims, and that the trial court erred in amending the indictment.  More than a month later, on December 22, 2015, Petitioner untimely filed a brief

purporting to "supplement" his objections.  ([22]).  In it, he argued that the trial court erred in failing to instruct the jury on simple battery, and claimed that he raised this issue on direct appeal.

On February 19, 2016, Petitioner filed his Motion for Leave to File Amended Brief [23], seeking leave to file an additional brief in support of his Objections.  On April 18, 2016, and May 27, 2016, Petitioner filed his Motions for Leave to File Amended Petition [24], [26], seeking to add a new warden as party respondent.

On July 21, 2016, the Court adopted the R&R, overruled Petitioner's Objections, denied him a certificate of appealiability, denied Petitioner's Feberal habeas Petition, and denied as moot Petitioner's Motion for Leave to File Amended Brief [23] and Motions for Leave to File Amended Petition [24], [26]. On August 24, 2016, Petitioner filed his Notice of Appeal [31] and his Application [32].

## II.    DISCUSSION

### A.    Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.  Section 1915 provides, in pertinent part:

(a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

(1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

To prosecute an appeal *in forma pauperis*, a party must show an inability to

---

2       The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

pay and must bring their appeal in good faith.  An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a

statement of good faith issues to be appealed.  Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.  See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith."  (citations omitted)).

B.    Analysis

Petitioner's Application is denied because his appeal is not "capable of being convincingly argued."  Sun, 939 F.2d at 925.  Federal Habeas Ground (1) claimed that Petitioner was denied his Fifth Amendment right to be tried on an indictment issued by a grand jury.  The Court properly found that this ground is not cognizable on habeas review because "there is no federal constitutional right to be tried upon a grand jury indictment for a state offense."  Cutaia v. Sec'y, Dep't of Corr., No. 6:10-cv -1170, 2011 WL 4356160, at *16 (M.D. Fla. Sept. 19, 2011).  It

also is procedurally defaulted because it was not clearly raised on direct appeal.
See Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) ("Pursuant to the
doctrine of procedural default, a state prisoner seeking federal habeas corpus relief,
who fails to raise his federal constitution claim in state court, or who attempts to
raise it in a manner not permitted by state procedural rules is barred from pursuing
the same claim in federal court."); Gaither v. Gibby, 475 S.E.2d 603, 604
(Ga. 1996) ("[A]ny issue that could have been raised [on direct] appeal but was
not, is procedurally barred from consideration in [state] habeas corpus proceedings
absent a showing of adequate cause for the failure to raise it earlier and a showing
of actual prejudice.").

Federal Habeas Grounds (5)(b) and (6) are barred by Georgia's rule against
successive habeas petition because those grounds were not raised in Petitioner's
State Habeas Petition.  See Mincey v. Head, 206 F.3d 1106, 1136 (11th Cir. 2000)
("Under Georgia law, a prisoner seeking a writ of habeas corpus vacating his
conviction must present all of his grounds for relief in his original petition.").
Petitioner's remaining Federal Habeas Grounds are procedurally defaulted because
the state habeas court found they are procedurally barred under Georgia law

because Petitioner did not timely raise them at trial or on direct appeal.[3]  Petitioner

did not establish any basis to excuse his procedural default because he failed to

show cause and resulting prejudice, or a fundamental miscarriage.  See

Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999).  Petitioner's appeal is not

taken in good faith, and his Application is required to be denied.[4]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Isaac Morris' Application to

Appeal *In Forma Pauperis* [32]  is **DENIED**.

**SO ORDERED** this 13th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3]     It is not clear that Petitioner presented Federal Habeas Ground (5)(d) in his State Habeas Petition.  If he did not, that claim is procedurally barred by Georgia's rule against successive habeas petitions.  See Mincey, 206 F.3d at 1136 ("Under Georgia law, a prisoner seeking a writ of habeas corpus vacating his conviction must present all of his grounds for relief in his original petition. . . .  [W]e have repeatedly recognized that not complying with this rule precludes federal habeas review.").

[4]     Because the Court concludes that the appeal is not taken in good faith, the Court does not reach whether Petitioner has shown an inability to pay the costs of filing an appeal.